In the Matter of FIRST NATIONAL BANK OF ROCHESTER, Respondent, v BUREAU OF ASSESSMENT OF THE CITY OF ROCHESTER, Appellant.—Order and judgment unanimously modified, on the law and facts, and, as modified, affirmed, without costs, in accordance with the following memorandum: On this appeal the Bureau of Assessment contends that the Referee's confirmed findings of fact and conclusions of law are not supported by the record. The Referee lowered assessments on petitioner's property in Rochester, New York, for the tax years 1970-1971, 1972-1973 and 1973-1974 from $185,000 for each year to $96,928, $97,922 and $96,392, respectively. Due to errors in the Referee's calculations, these figures must be raised to $106,752, $106,319 and $105,046, respectively. The Referee used the income method to value

the property in order to calculate an amount for imputed rental income. The Referee modified respondent's comparable leases, rejecting five leases as not comparable and changed certain adjustments to the remaining four leases. Specifically, in section 10 of his report the Referee noted that a −10% adjustment for location in comparable lease number two was incorrect, and found that this location was "at least 25 percent better than the location of the subject property." He also changed the location adjustments of Leases Nos. 5, 7 and 9 from −5%, +10%, and −10% to −15%, 0% and −20%, respectively. In addition, the Referee changed the adjustment for secondary space in Lease No. 5 from +10% to +5%. The Referee did not change the remaining adjustments for size and secondary space. Section 11 of the report set forth adjusted unit rental figures which the Referee arrived at "considering the adjustments made in Section 10" and for Leases Nos. 2, 5, 7 and 9 set forth adjusted unit rental figures of $6.09, $7.45 $7.99 and $7.22, respectively. Though the Referee did not include his actual calculations, it is clear that these figures were intended to reflect the adjustments set forth in section 10 of the report. With respect to lease number two, the adjusted unit rental is calculated as follows: The unit rental ($10.15) −5% ($.51) size adjustment and −25% ($2.53) location adjustment results in an adjusted unit rental of $7.11. This figure is $1.02 more than the Referee's figure. Lease No. 5 had a unit rental of $9.32 and adjustments of −5% ($.47) for size, −15% ($1.40) for location and +5% ($.47) for secondary space. The correct adjusted rental is therefore $7.92 rather than the Referee's figure of $7.45. Lease No. 7 had a unit rental of $8.41 and an adjustment of −5% ($.42) for size. This results in an adjusted unit rental of $7.99, the figure the Referee found. Finally, the unit rental for Lease No. 9 was $10 with adjustments of −5% ($.50) for size and −20% ($2) for location. The correct adjusted rental figure, therefore, is $7.50 rather than the Referee's figure of $7.22. These corrected adjusted unit figures, incorporated into the Referee's calculations in sections 12 through 19 of his report, result in assessed valuations of $106,752, $106,319 and $105,046 for the years in question. As so modified, the Referee's report is supported by the record. (*Matter of Pepsi-Cola Co. v Tax Comr. of City of N. Y.*, 19 AD2d 56, 61.) (Appeal from order and judgment of Monroe Supreme Court—art 7, Real Property Tax Law.) Present—Moule, J. P., Cardamone, Dillon, Hancock, Jr., and Witmer, JJ.